UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BARBARA McCALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| MARLBORO COUNTY SCHOOL | ) | **JURY TRIAL DEMANDED** |
| DISTRICT, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action seeking declaratory judgment, equitable relief, compensatory and punitive damages, costs, and attorney's fees for discrimination, violation of the 1964 Civil Rights Act, Title VII. This is also an action to remedy violations of the Teacher Employment and Dismissal Act ("TEDA"), S.C. Code Ann. §59-25-410 to 530 (1990 and Supp. 1992).

Specifically, Plaintiff seeks to correct Marlboro County School District's (MCSD) unlawful discriminatory employment practices and to obtain appropriate relief, as she was adversely affected by such practices. As will be stated with greater particularity below, Plaintiff alleges that MCSD engaged in unlawful conduct when it discriminated against Plaintiff on the basis of race and gender and then retaliated against Plaintiff with discipline and discharge after Plaintiff engaged in protected activity.

1

**PARTIES**

1.      Plaintiff is a Caucasian female citizen of the United States and a resident of Marlboro County, South Carolina.

2.      Plaintiff is informed and believes that Defendant, Marlboro County School District ("MCSD"), is a governmental entity that serves as the governing body for public schools within Marlboro County, South Carolina. MCSD is created pursuant to the laws of the State of South Carolina, domiciled in Marlboro, South Carolina and operating under the laws and Constitution of the State of South Carolina. Defendant may be served a copy of this complaint on their agent for service who is the Superintendent.

3.      On information and belief, at all times relevant to the allegations in this complaint, MCSD has purchased liability insurance; and MCSD was authorized to and did waive any immunity from civil liability under state or federal causes of action by purchasing liability insurance, either by contract with an insurance company or by participation in an insurance risk pool that covers the claims raised in this lawsuit.

**JURISDICTION AND VENUE**

4.      Jurisdiction and Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, *et. seq. 1 and 1367*, 28 U.S.C §1343, *et. seq* and 42 USC §2000 *et. seq.*

5.      Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous activity in this district and the employment practices alleged to be unlawful were committed within the jurisdiction

2

of the United States District Court for the District of South Carolina, Florence Division.

6.    On   September 4, 2024, the Equal Employment Opportunity Commission issued Plaintiff a notice, regarding her charge number 436-2024-00925,  informing her of her right to sue defendant in response to her charge of discrimination on the basis of race, gender and retaliation.

7.    Plaintiff has complied fully with all prerequisites and conditions precedent to the institution of this lawsuit.

## FACTUAL  ALLEGATIONS

8.    Plaintiff was subjected to discrimination based on race and gender as well as retaliation by Defendants and/or Defendant Representatives.  As a result, Plaintiff suffered damages as set forth herein.

9.    Compensatory and punitive damages are both sought pursuant to the 1991 Civil Rights Act, et seq. as amended, as well as the 1964 Civil Rights Act, Title VII of the 1964 Civil Rights Acts, Section 704(a), et seq. and Section 703(a) et seq. of the said Act.

10.    Furthermore, Plaintiff seeks attorney's fees for the bringing of this action pursuant to the 1976 Civil Rights Attorney's Fees Act and other appropriate attorney fees statutes authorized by law.

11.    At all relevant times Defendant is an employer within the meaning of 42 U.S.C. §2000e-(b).

3

12.    Plaintiff was employed with Defendant since 1984, most recently as Executive Director of  Human Resources, until April 26, 2023, when Defendant notified Plaintiff that she was suspended without cause given, and then notified on June 29, 2023, that she was terminated without cause given.

13.    Discipline for Plaintiff was and is unreasonable as Plaintiff  received a positive performance evaluation and was performing her duties as Executive Director of Human Resources in a satisfactory manner with no history of discipline.

14.    Plaintiff was treated less favorably than her coworkers of a different race and gender with respect to salary increases and adherence to established hiring policies and discipline.

15.    Plaintiff raised concerns with Defendant regarding hiring practices and job performance of some African American employees, with specific instances including, but not limited to:

a.    Female employee in special relationship with supervisor rewarded with salary increase;

b.    Defendant disregard for criminal records check or criminal past of some employees; and,

c.    Plaintiff participation in SLED investigations regarding alcohol on premises.

16.    Plaintiff complained to the Superintendent and/or Defendant's School Board of unequal treatment; and in response to Plaintiff's protected activity and/or participation in SLED investigations, Defendant notified Plaintiff on April 25, 2023

4

that she was suspended and notified Plaintiff on June 29, 2023 that she was terminated.

17.    To date, Defendant provided no explanation, nor a legitimate business reason for its decision to suspend and terminate Plaintiff as Director of Human Resources.

18.    Defendant's discriminatory and retaliatory conduct toward Plaintiff materially changed Plaintiff's work conditions, thus ultimately causing Plaintiff's separation.

19.    Defendant's discriminatory and retaliatory conduct of suspending and terminating Plaintiff was done with malice and ill will towards Plaintiff; and was done to embarrass and damage the professional reputation of Plaintiff.

20.    Similarly situated employees outside of Plaintiff's protected classes did not receive this treatment of exaggerated and retaliatory suspension and discharge that Plaintiff received.

21.    On the various dates and occasions, Defendant treated Plaintiff's employment differently than minority employees and/or differently than female employees and in an unfair, unequal, and/or harassing way, as explained above, which segregated Plaintiff and adversely affected Plaintiff's status as an employee, because of her race and gender and because of her protected activity.

22.    Other Caucasian employees were dismissed without good cause thus exhibiting a pattern of Defendant of reverse race discrimination.

23.    Defendant was on notice through Plaintiff's stated concerns or participation in investigation before separation; or Defendant should have been on notice, of the

actions of its subordinates or employees, and all failed to correct such discriminatory and retaliatory actions of its employees.

24.   Defendant's acts of discrimination and retaliation within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

25.   Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner, and in a manner which had a disparate impact on Plaintiff.

26.   As a result of Defendant's demotion discharge and/or constructive discharge of Plaintiff for discriminatory and retaliatory reasons, Plaintiff has suffered economic loss, impaired reputation, attorney fees, financial and emotional distress, as well as attorney fees and costs of litigation.

**FIRST CAUSE OF ACTION
(TITLE VII VIOLATION/ RETALIATION)**

27.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 of this Complaint.

28.   The Supreme Court has expressly held that Title VII protects "whites as well as minorities." Lucas v. Dole, 835 F.2d 532, 534 (4th Cir. 1987) (*referencing* McDonald v. Santa Fe Transp. Co., 427 U.S. 273, 96 S. Ct. 2574, 49 L. Ed. 2d 493 (1975)).

29.   Plaintiff was discriminated against when minority employees were given preferential treatment and when females in special relationship with their supervisors were given preferential treatment; and when Plaintiff engaged in protected activity contesting

such preferential treatment and retaliation against her, Defendant suspended and discharged Plaintiff in response to her workplace concerns.

30.    At all times complained of, Plaintiff was an employee of Defendant as an Executive Director of Human Resources and was performing satisfactorily with positive reviews and no history of discipline.

31.    Plaintiff raised concerns as described above, of unequal treatment in violation of policy, and Plaintiff participated in investigations and tried to enforce policy in a manner that was not discriminatory.

32.    In response to Plaintiff's protected activity, Defendant subjected Plaintiff to adverse employment action to include hostile work environment, defamation of Plaintiff's work performance and character with suspension and termination.

33.    Plaintiff engaged in protected activity regarding Defendant's discriminatory and actions; and Defendant ignored Plaintiff's demands for equal treatment under the law.

34.    Plaintiff is unaware of any minority and/or female employees in special relationship with their supervisor who were suspended and discharged without good cause.

35.    Defendant engaged in a practice of discrimination and retaliation and discriminated and retaliated against Plaintiff in the terms and conditions of her employment on the basis of her race and gender all in violation of Title VII of the Civil Rights Act of 1964.

7

36.    Defendant discharged and/or constructively discharged Plaintiff because of her race and gender and in retaliation for protected activity, all in violation of Title VII of the Civil Rights Act of 1964.

37.    As a direct and proximate result of the Defendant actions, Plaintiff has suffered, and Defendant is liable to Plaintiff for back pay, front pay, loss of benefits, prospective benefits, pain and suffering, emotional distress, and reputational harm; as well as the reasonable attorney's fees and costs associated with this action.  Plaintiff also seeks pre-judgment interest on all damages sought.

38.    The willful discrimination and retaliation because of gender and race and retaliation and disparate treatment described above amounts to unlawful discrimination prohibited by Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and amendments thereto, and is the proximate cause of the Plaintiff's loss of earnings, loss of prospective earnings and benefits, embarrassment, humiliation, mental anguish, and mental suffering, for which the Plaintiff is entitled to an award of actual damages, as well as punitive damages for the willful intentional acts of the Defendant through its agents and employees, as determined by a jury, and for reasonable attorney's fees and costs of this action.

### SECOND CAUSE OF ACTION
#### (Violation of Statutory Rights)
#### (SC Code Ann. Section 59-25-430,440,450,460)

39.    Plaintiff incorporates herein by reference the allegations contained in paragraph 1-38 above.

40.    The Teacher Employment and Dismissal Act ("TEDA"), S.C. Code Ann. "59-25-410 to 530 (1990 and Supp. 1992) protects all those employees statutorily defined as "teacher" for purposes of the TEDA. Pursuant to SC Code Ann. ' 59-1-130, "Teacher" means "*any person* who is employed…either to teach or to supervise teaching".

41.    At all times relevant to this lawsuit, Plaintiff was a credentialed Educator, Director or Professional under the requirements of the South Carolina Department of Education.

42.    Plaintiff supervised certified educators in her role as Executive Director of Human Resources.

43.    Plaintiff was performing satisfactorily, has always received high performance evaluations, and received no substantial discipline.

44.    Defendant suspended and then discharged Plaintiff on June 29, 2023, without suspension or notice and without advising Plaintiff of her grievance rights under the Teacher Dismissal Act or giving the Plaintiff a fair opportunity to contest the demotions and reductions in pay.

45.     Defendant's demotion of Plaintiff and the resulting reduction in pay was in violation of the procedural safeguards outlined in Title 59 of the laws of this state.

46.    Defendant's decisions to demote, reduce pay, and/or terminate Plaintiff, was not approved by or recommended to the Board first and the termination was in violation of the procedural safeguards outlined in Title 59 of the laws of this state.

47.     As a direct and proximate result of Defendant School District's violation of Title 59, Plaintiff suffered a substantial monetary loss, loss of employment and benefits, and impaired professional and personal reputation, all in an amount to be proven at trial.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A.     Declaring that the acts and practices complained of are in violation of Title VII and Teacher Dismissal Act;

B.     Enjoining and permanently restraining these violations;

C.     Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D.     Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits;

E.     Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided by 42 U.S.C. §12205;

F.     Directing Defendant to pay Plaintiff compensatory damages and damages for her emotional distress, mental anguish and humiliation; and other compensatory and punitive damages allowable under 2 U.S.C. §1311(b)(3) in the amount to be determined by a jury;

G.      For other actual and punitive damages that might be determined by a jury; and,

H.      Awarding Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By:   s/ Pheobe A. Clark

**Pheobe A. Clark**
Federal ID No. 9888
Post Office Box 13057
Florence, SC 29504-3057
Phone: (843) 669-5634
Fax: (843) 669-5150

December 3, 2024